UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

===========================================================

Present:  The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     **(In Chambers) Order re: Plaintiff's Motion for Contempt Order and Sanctions (ECF 90)**

## I.     BACKGROUND

Plaintiff, the International Council for Veterinary Assessment, initiated this action in April 2024, suing Anivive Lifesciences and several of its employees for breach of contract and copyright infringement. (ECF 1.)[1] According to the Second Amended Complaint, Plaintiff administers the North American Veterinary Licensing Examination, or NAVLE. Passing the NAVLE is a licensing requirement for veterinarians across the United States and Canada. (ECF 66 ("SAC") ¶ 16.) Plaintiff offers practice materials for purchase to would-be test takers, conditioned on an agreement to strict terms limiting the use and distribution of their materials. (SAC ¶¶ 22-27.) Plaintiff alleges that Defendants paid for access to Plaintiff's practice exams, copied its practice questions, and fed them into various AI programs, in violation of their agreement not to copy or distribute Plaintiff's materials. (SAC ¶¶ 30, 45-47,

---

[1] For ease of reference, the Court refers to ECF-generated page numbers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

============================================================

50-65.) Defendants, along with collaborators from UC Irvine, ultimately published an article suggesting that certain AI models could successfully answer questions on, and in some cases pass, the NAVLE. (SAC ¶ 44.) Defendants have denied the allegations. (ECF 69.)

Defendants' current counsel came into the case about six months after it was filed, in September 2024. (ECF 52-59.) In November 2024, the Court was notified of a discovery dispute and scheduled an informal discovery conference. Defendants' counsel did not appear, and the Court authorized Plaintiff to proceed with its motion.  (ECF 65.)

Plaintiff thereafter moved to compel further responses to its discovery requests. (ECF 67.) Generally speaking, Plaintiff's requests sought documents and communications related to Defendants' access to the sample test questions for the NAVLE, and to the article they later published. (*See* Mot. Ex. A.) Defendants filed no opposition to Plaintiff's motion. (*See* ECF 72.) On January 6, 2025, the Court granted Plaintiff's motion and ordered that Defendants should produce documents and supplement its responses to certain RFPs and Interrogatories no later than January 27, 2025. (ECF 73 at 4-5.) The Court also granted Plaintiff's request for fees associated with the motion of approximately $30,000. (ECF 73 at 6; ECF 76.)

Plaintiff subsequently informed the Court that Defendant had not provided any supplemental responses as of the Court's deadline. (ECF 75.) The Court ordered Defendants to show cause why sanctions should not be imposed for their failure to comply with the Court's order. (ECF 76.) On February 5, 2025, Defendants' counsel filed a response certifying that "Defendants supplemented all of the previously served responses to the Plaintiff's discovery requests and have served those amended responses [on] Plaintiff[]." (ECF 77.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-02866-SRM-BFM          **Date:**   July 15, 2025

**Title:**   *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

=========================================================

He further stated that his clients "informed [him] that there are no additional responsive documents in their custody or control to produce." (ECF 77.) The Court discharged the show-cause order based on that representation. (ECF 78.)

On February 13, 2025, Plaintiff sent Defendants a deficiency letter; Plaintiff was concerned that Defendants had still not produced all responsive documents. (ECF 81 at 6; Mot. Ex. H.) Defendants' counsel indicated that he would confirm with Defendants whether additional documents existed. (ECF 81 at 6; ECF 90-1 ("Keyes Decl.") ¶ 14; Mot. Ex. I.) On March 13, 2025, Defendants produced additional documents. (ECF 81 at 6; Keyes Decl. ¶ 15.) In late March 2025, Plaintiff deposed the individual Defendants. As detailed below, those depositions revealed problems with Defendants' search process. (Mot. Exs. L, M, N.)

On April 23, 2025, the Court held an additional IDC concerning the deficiencies identified by Plaintiff and authorized a further motion, if no resolution could be reached between the parties. (ECF 86.) On May 19, 2025, Plaintiff sent a third deficiency letter pointing Defendants to specific documents that have not yet been produced. (Keyes Decl. ¶ 27; Mot. Ex. S.) Defendants did not respond. (Keyes Decl. ¶ 27.) Plaintiff therefore filed the instant motion seeking sanctions and contempt order. (ECF 90.) The Motion was fully briefed and a hearing on the Motion was held. (ECF 90-94.)[2]

---

[2] Defendants acknowledge that their opposition to this Motion was untimely; Defendants' counsel states that he incorrectly calendared the due date for Defendants' opposition. (ECF 92-2 at 2.) Plaintiff requests that the Court not consider Defendants' untimely opposition, noting that Defendants' counsel used the same excuse for not appearing at a discovery conference. (Reply at 3-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 37 provides that where a party fails "to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" to account for the violation. Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.    DISCUSSION

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff seeks: (1) a civil contempt order based upon Defendants' noncompliance with prior orders (Mot. at 22-24); (2) compensatory sanctions to cover Plaintiff's attorneys' fees and costs caused by Defendants' discovery misconduct (Mot. at 25-27); (3) coercive sanctions of $2,000 per day until Defendants demonstrate that they have adequately searched for and provided all responsive documents (Mot. at 27-28); and (4) a continued 30(b)(6) deposition for Defendant Anivive (Mot. at 29-30). Defendants insist that they have produced all relevant documents within their possession, and ask that Plaintiff's request for sanctions be rejected and that *they* be compensated for having to respond to Plaintiff's Motions.  (Opp'n at 2-5.)

---

4.) The Court will consider Defendants' opposition but notes the pattern in Defendants' discovery conduct.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**Case No.:**  2:24-cv-02866-SRM-BFM                **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

As Plaintiff's requests for relief stem from its allegations regarding Defendants' noncompliance with the Court's orders, the Court will first describe the problems with Defendants' conduct before discussing the appropriate sanctions.

## A.    Defendants' Noncompliance with the Court's Discovery Order

The evidence before the Court demonstrates that Defendants did not comply with the Order on Plaintiff's Motion to Compel by the deadline set by the Court, and strongly suggests that they are *still* not in compliance today.

> 1. *Defendants did not comply with the Court's Order and Counsel's February 2025 representation was not made based on reasonable inquiry.*

The Court's Order on Plaintiff's Motion to Compel required compliance by January 27, 2025. (ECF 73.) By that date, however, Defendants had not updated or supplemented any of its responses, nor had it produced anything beyond the 49 pages it had produced before the Motion to Compel was filed. (Keyes Decl. ¶ 8.) The Court therefore ordered Defendants to show cause why they should not be sanctioned for failing to comply with the Court's order. (ECF 78.) Defendant served amended responses on January 28, 2025, the day after the deadline, but produced no additional documents. (Keyes Decl. ¶ 11.) Defendants' counsel responded to the OSC and stated in a conclusory manner that he had confirmed with Defendants that no further responsive documents existed. (ECF 77.)

Based on the information now before the Court, it is clear that Defendants did not comply with the Court's deadline and that their February 5th representation to the Court was not correct, or even all that well grounded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**Case No.:**   2:24-cv-02866-SRM-BFM                     **Date:**   July 15, 2025

**Title:**   *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

================================================================

Defendant Bruyette admitted in his deposition that several of the documents produced in March 2025 were located in late February, *after* counsel's response to the OSC. (Mot. Ex. L at 15-19.) It appears that Bruyette did the bulk of his searching after the Court's deadline for production and after Defendants made their February 5th representation to the Court that production was complete. (Mot. Ex. L at 16 (Bruyette acknowledging that many of the emails provided to Plaintiff were converted to PDF on February 26, 2026).) Defendant Arbuckle, who was supposedly responsible for doing a company-wide search for documents in this litigation (Mot. Ex. L at 13-14), stated that he did not "do anything to ensure that Anivive produced all [relevant] documents before January 27"; moreover, his deposition suggests that he did the bulk of his searches on February 18, 2025, weeks after Defendants represented to the Court that all relevant documents had been produced. (Mot. Ex. N at 16-17.)

Defendants' production after February 5th proves just how weak Defendants' attempts at compliance before that date were. For example, in their March 2025 production, Defendants produced a June 14, 2023, email from Defendant Bruyette to his coauthors, including Defendant Arbuckle, in which he discusses access to Plaintiff's self-assessment and his ability to "capture" the questions, multiple choice options, and the correct answer. (Mot. Ex. J.) Defendants also produced a June 26, 2023, email from coauthor Pierre Baldi to Defendants Bruyette, Arbuckle, and Balsz, which discusses copying the exam questions. (Mot. Exh. K.) These crucial documents were sent to both Defendant Bruyette and Arbuckle. The two emails use keywords that a reasonable search would have used, including NAVLE, ICVA, and "uci.edu," the email suffix for Defendants' partners in producing the article. If those two emails did not surface in the searches conducted at the time Defendants supplemented their responses in January 2025 and when defense counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

represented that all relevant materials had been produced in February 2025, it is hard to conclude that Defendants tried, in good faith, to comply with the Court's order. Likewise, it is hard for this Court to conclude that counsel made a good-faith representation that he had consulted with his clients and that they had nothing more to produce.

Though these problems were outlined in the Motion, Defendants' Opposition provides no excuse or attempted explanation for the discrepancies. At the hearing on this Motion, Defendants' counsel[3] indicated that Defendants' February 5th representation was made based on the information available at the time but had no other explanation. In short, Defendants have thus far provided no explanation for what appears to be serious discovery violations committed earlier this year.

> 2.  *Defendants have not instituted a procedure reasonably calculated to ensure compliance with their discovery obligations and this Court's order.*

Setting to the side Defendants' failure to meet the deadline set in the Court's Order, the Court is not persuaded that Defendants, even five months later, have complied with their discovery obligations.

A "party is generally required to conduct a reasonable inquiry and diligent search and then produce all responsive documents in his possession, custody, or control." *Nyerges v. Pac. Sunwear of Calif., LLC*, No. SA CV 21-

---

[3] The Court notes that the attorney who appeared at the hearing on this Motion was someone who has not filed a notice of appearance, has not been involved in any of the previous IDCs, and has not—to the Court's knowledge—been part of any of the discovery briefing to date.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

=========================================================

01123-CJC-DFMx, 2023 WL 6373876, at *1 (C.D. Cal. June 9, 2023). If, after
reasonable inquiry, a party determines that no responsive documents or
tangible things exist, "the responding party should so state with sufficient
specificity to allow the Court to determine whether the party made a
reasonable inquiry and exercised due diligence . . . ." *Marti v. Baires*, No. 1:08-
cv-00653-AWI, 2012 WL 2029720, at *19 (E.D. Cal. June 5, 2012).

Defendants have not established that they conducted a reasonable
inquiry calculated to produce all responsive documents. For instance,
Defendants Bruyette and Balsz stated during their depositions that no one
provided them with keywords or otherwise oversaw their searches for
documents. (*See* Mot. Ex. L at 13-14; Mot. Ex. M at 6.) Defendant Arbuckle
similarly indicated that no one provided keywords and that Defendants were
left to use their "best judgment" regarding searches. (Mot. Ex. N at 10.) While
those depositions occurred months ago, it is unclear what specific additional
guidance was provided since the depositions. In short, it appears that three
Defendant without legal training were left to their own devices to determine
how to search for information that was responsive to discovery requests.

It is also unclear that a search of Anivive's network has been conducted
by someone with proper access and know-how. During his deposition,
Defendant Bruyette identified Defendant Arbuckle as the one who oversaw
document searches and who could search "companywide because he has access
to everybody's emails." (Mot. Ex. L at 12-13.) But Defendant Arbuckle, in his
deposition, stated that he did not "have access to other employees' accounts."
(Mot. Ex. N at 5-6.) Defendant Arbuckle further stated that he understood that
litigation hold software would result in deleted emails being preserved in the
cloud, but did not know how to access to those emails. (Mot. Ex. N at 9 (Q. And

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

=========================================================

would you have access to that cloud to locate any of those deleted emails? A.
I'm not sure. I'm sure that you could, but I do not have familiarity with that).)
These answers lead the Court to doubt that anyone at Anivive with the skill
and access to conduct a reasonable inquiry ever did so.[4]

Defendants' lax inquiry process indicates that Defendants have not fully
complied with this Court's orders to supplement their discovery responses.

3.    *Defendants have not accounted for specific documents that have not
      been produced and that appear to be responsive.*

As before, the fact that there were deficiencies in Defendants' processes
is corroborated by evidence suggesting that significant responsive documents
remain unproduced. First, Defendants Arbuckle and Bruyette identified
certain documents during their depositions that they had provided to defense
counsel that have not yet been produced to Plaintiff. (*See* Keyes Decl. ¶ 20; Mot.
Ex. N at 18) (Defendant Arbuckle indicated that he had provided emails to
defense counsel that had not been produced to Plaintiff); (Mot. Ex. L at 8-9)

---

[4] At the hearing on this Motion, Defendants' counsel proposed that Defendants
could hire a third-party vendor to review Defendants' networks to ensure that
all documents were produced. To the extent that Defendants lack the internal
capacity to search for or produce all responsive documents, retention of a third-
party vendor may well have alleviated concerns regarding Defendants'
production process—and is still an option as Defendants seek to show
compliance with their discovery obligations. *See Northrop Grumman Corp. v.
Factory Mut. Ins. Co.*, No. CV 05-8444-DDP (PLAx), 2012 WL 12875772, at *8
(C.D. Cal. Aug. 29, 2012) (ordering party to provide relevant discovery to third-
party vendor for restoration where party indicated in-house inability to restore
requested documents).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

(Defendant Bruyette indicated that emails likely existed that had not been provided to Plaintiff.)

Third-party subpoenas to Defendants' coauthors from UC Irvine turned up additional documents that Defendants have not yet produced. Specifically, Plaintiff's counsel point to 51 emails produced by Defendants' co-authors and sent to at least one Defendant that have not been produced to Plaintiff. (Mot. Ex. S at 3-4.) Those emails reference approximately 12 attachments that have not been produced to Plaintiff by anyone. (Keyes Decl. ¶ 22; Mot. Exs. O, P, Q.) These documents should have been produced by Defendants, as it appears they are relevant to the present matter.

For instance, an April 2024 email thread, though redacted, was produced by a third party in response to a request seeking communications "regarding, referring, or relating to the Article" at issue. The subject line of the email thread is "paper on LLM and veterinary medicine." (Keyes Decl. ¶ 24; Mot. Ex. P.) A June 2023 email thread between Defendants Bruyette and Arbuckle and co-authors Pierre Baldi and Mirana Angel regarding accessing an International Council for Veterinary Assessment test is plainly relevant, but Defendants produced only one email of the six-email thread. (Keyes Decl. ¶ 25; Ex. Q.) These as-yet unproduced documents further show that Defendants have not produced all responsive documents.

Just as disturbing as the fact that these documents have not been produced is the fact that Defendants do not appear to have gotten to the bottom of *why* these emails and attachments did not come up in their own searches. It seems that counsel, having learned that certain emails were produced by third parties, has not tried to find those same documents on Defendants' network or to determine why those documents failed to appear in Defendants' searches.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM        **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

The discrepancy suggests various potential problems: the search terms were not comprehensive, searches were not run of the proper custodians, certain areas of the network or cloud had not been searched, or the litigation hold had not prevented emails from being deleted. Defendants seem to have made no efforts to determine the problem so that they can fix it and ensure the completeness of their production. Their utter lack of curiosity on this point is troubling.

4.    *There is no substantial justification or excuse for Defendants' noncompliance.*

Defendant's discovery failures are not substantially justified or otherwise excused. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) ("a good faith dispute concerning a discovery question might, in the proper case, constitute substantial justification to reverse a Rule 37(b)(2) sanction.") (internal quotation marks and citation omitted). Each of the reasons Defendants offer for failing to produce responsive documents is unconvincing.

Defendants first argue that the documents cited by Plaintiff were not produced because they were not responsive to Plaintiff's requests. (Opp'n at 1-2.) Defendants contend that the March-April 2024 email thread and attachments in Plaintiff's Exhibit O and P concerned a separate project with Dr. Baldi unrelated to the instant litigation. (Opp'n at 3.) The Court is dubious of the response for a few reasons. First, the email thread has the subject line "paper on LLM and veterinary medicine" and was sent to several co-authors of the article. (Mot. Ex. P.) Second, Defendants' co-authors viewed at least part of the email thread as relevant, because they produced it in response to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

===========================================================

request seeking communications "regarding, referring, or relating to the Article." (*See* Keyes Decl. ¶ 24; Mot. Ex. P.)

Further, while Defendants swear this email chain relates to a different project, Defendant Bruyette stated in his deposition that, beyond the 2021 paper and article at issue in the litigation, Defendants did not collaborate with Dr. Baldi. (Reply Ex. T at 4 (Bruyette stating they "don't have and did not have any ongoing research efforts with Dr. Baldi.").) When asked at the hearing to explain the discrepancy between their relevance argument and Bruyette's answer, counsel had nothing to offer.

Even if Defendants provided an adequate explanation for the two emails attached as Exhibits O and P, Plaintiff pointed to 49 *other* emails produced by co-authors and not produced by Defendants, including Exhibit Q, plus a dozen attachments. (Mot. Ex. S at 3-4.) Defendants offer no cogent explanation for the absence of those other documents from Defendants' productions.

The best Defendants can offer is that these other emails must not have been in their possession, custody, or control upon commencement of the action. (Opp'n at 1-3.) This assertion is not satisfying. Defendant Arbuckle, Anivive's Chief Technology Officer, stated that it is "Anivive's policy and practice to retain company emails and electronic documents" and that he "made it a practice to retain all substantive work-related documents, emails, and files." (Opp'n Decl. Arbuckle ¶ 1.) He stated in his deposition that Anivive had no auto-deletion or auto-archiving features set on their email accounts. (Mot. Ex. N at 8.) Moreover, for at least part of the relevant period, Defendants claim to have had a litigation hold in place. Something doesn't add up: either one of these representations is not true, or Defendants possess additional documents and emails that their searches have not yet uncovered.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

===========================================================

In connection with this Motion, Defendants try to reassure the Court that all responsive documents have *now* been produced. (Opp'n at 2-3) ("TencerSherman can represent that all responsive documents provided by Defendants were produced" and "that [the firm] had several conversations with each defendant about searching for documents, including emails, text messages, word documents, searching servers and searching for paper copies."); (Opp'n Decl. Arbuckle ¶ 5) (Anivive's Chief Technology Officer stating that, after service of Plaintiff's motion for sanctions and contempt order, he "did another review of all documents at Anivive that could be relevant and response to each numbered document request made by Plaintiff by searching all of Anivive's electronic files, including all emails, word documents, powerpoint presentations and excel spreadsheets to confirm that all documents relating to the article in any way were produced" and "was able to confirm that all responsive documents have been produced.").

It is true that Plaintiff's arguments rely, in part, on testimony given during depositions, and that those depositions occurred months ago. Defendants and their counsel may well have taken additional steps since that time. Still, all the Court has before it is Defendants' vague representations that they are *now* finally in compliance with their obligations—paired with evidence that specific documents have not yet been produced. Given that Defendants' counsel and his clients have made similar inaccurate and conclusory representations in the past and the current representations are not detailed enough to permit Plaintiff to assess their veracity, Defendants' representations are meaningless.

In short, the record shows Defendants' noncompliance was not substantially justified or otherwise excused.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM                **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

===========================================================

### B.    Compensatory Sanctions

Having found that Defendants have not complied with their discovery obligations or with the Court's prior orders, the next question is what sanctions are appropriate.

Plaintiff first requests compensatory sanctions to cover attorneys' fees and costs attributable to the ongoing discovery dispute. (Mot. at 25-27.) The findings required to grant that request are easily made here.

Under Rule 37, where a party fails "to obey an order to provide or permit discovery," the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C). *See RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 521 (C.D. Cal. 2022) (recommending award of compensatory sanctions of $20,000 in attorneys' fees pursuant to Fed. R. Civ. P. 37(b)(2)(C) for failure to comply with discovery orders); *Carson Cheng v. AIM Sports, Inc.*, No. CV 10-3814-PSG-PLAx, 2011 WL 13175663, at *10 (C.D. Cal. Aug. 23, 2011) (ordering monetary sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(C) "in an amount representing Plaintiffs' costs and attorneys' fees associated with this motion for sanctions and Plaintiffs' Motion to Compel Production of Documents" following failure to produce all responsive documents).

As discussed above, there is sufficient evidence of Defendants' failure to comply with the Court's January 6 order and Defendants have offered no substantial justification for their noncompliance. Plaintiff's request for compensatory sanctions is therefore **granted**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   2:24-cv-02866-SRM-BFM                **Date:**   July 15, 2025

**Title:**   *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

The harder question is what "reasonable expenses" were "caused" by
Defendants' failure to follow the Court's order. The causal connection required
"is appropriately framed as a but-for test: The complaining party . . . may
recover only the portion of his fees that he would not have paid but for the
misconduct.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 109 & n.5
(2017). Plaintiff points to six categories of expenses that fit that definition, and
the Court generally agrees with its assessment.

First, Plaintiff is entitled to a portion of the fees associated with the
deposition of Defendants Arbuckle, Bruyette, and Balsz—specifically, the
portion of those depositions devoted to pinning down the extent of Defendants'
failure to comply with the Court's orders regarding discovery. Had Defendants
complied with their discovery obligations, Plaintiff may have spot-checked
their compliance, but would not have devoted significant portions of those
depositions to discovery-related inquiries. The Court declines to grant
Plaintiff's request to award the full cost of those depositions, or any travel
costs, as Plaintiff would have taken the depositions of the individual
Defendants and incurred those travel costs even if no discovery violations had
occurred.

Second, Plaintiff is entitled to fees relating to time spent on the
preparation of Plaintiff's Second Deficiency Letter (Mot. Ex. H), Third
Deficiency Letter (Mot. Ex. S), and time spent attempting to meet and confer
with Defendants' counsel regarding those deficiency letters. Those two letters
and the related meet-and-confer sessions were an attempt to persuade
Defendants that further searches and production were necessary to avoid the
instant Motion. That time was incurred because of Defendants' violation of this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

**Case No.:**   2:24-cv-02866-SRM-BFM              **Date:**   July 15, 2025

**Title:**   *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

Court's prior discovery order and thus Plaintiff should be compensated for its counsel's time under Rule 37.

Third, Plaintiff is entitled to time spent preparing for and attending the discovery conference associated with this Motion. That hearing would not have been required but for Defendants' failure to comply with the Court's order.

Fourth, Plaintiff is entitled to time spent preparing the Stipulation to Extend Case Deadlines. That Stipulation was only required because Defendants failed to comply with their discovery obligations and because the filing of this Motion (and other efforts to get Defendants to comply) have taken longer than the time originally allotted for discovery.

Fifth, Plaintiff should be awarded fees for time spent in the preparation and argument for the Motion and Reply (ECF 90, ECF 93). This Motion would not have been required, but for Defendants' failure to comply with the Court's Order.

Sixth, Plaintiff is entitled to fees for the costs of third-party subpoenas to Dr. Baldi and Ms. Angel. Plaintiff explained in its Second Deficiency Letter that it had issued third-party subpoenas to Defendants' UC Irvine co-authors and that it expected that production would show that Defendants' own production was inadequate. (Mot. Ex. H at 4.) That letter was written in early February 2025, suggesting that Plaintiff only chased discovery from Defendants' co-authors because Defendants' own production was insufficient. Had Plaintiff obtained what it needed from Defendants, there would have been no reason to obtain the same emails from third parties.

The amount of fees to be awarded will be addressed by separate order. No later than **July 24, 2025**, Plaintiff shall submit a declaration detailing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

========================================================

fees it contends it is entitled to recoup. No later than **July 31, 2025**, Defendants shall file a response to Plaintiff's Declaration, addressing only their position on the amount of the fees sought by Plaintiff. The matter will be taken under submission upon receipt of Defendants' response, or once the time for filing that response has passed.

Defendants also requested compensatory sanctions, arguing that this Motion was brought in bad faith and ignored Defendants' representations that their production is complete. (Opp'n at 5.) Defendants' request is **denied**; for the reasons outlined above, the Court does not believe that Plaintiff's Motion was brought in bad faith or merits sanctions.

## C.    Supplemental Declaration Regarding Production

As discussed above, the Court may "issue further just orders" where a party, party's officer, or 30(b)(6) witness fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Here, the Court finds it would be just to require Defendants to provide to Plaintiff a supplemental declaration on or before **July 24, 2025,** describing its search process to date, including all steps taken to ensure compliance with the Court's Order on the Motion to Compel. *See Nyerges*, 2023 WL 6373876, at *1; *Marti*, 2012 WL 2029720, at *19. The goal of this declaration should be to persuade Plaintiff that Defendants have now conducted a reasonable inquiry calculated to locate all responsive documents. This declaration should be detailed and include, to the extent it does not call for privileged information: what searches were done, what keywords were used in searches, what databases were searched, who completed the searches, when the searches were completed, and any explanation Defendants have identified for why the documents identified in Plaintiff's Third Deficiency Letter are not among the items produced earlier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM              **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

=======================================================

Defendants should also explain the basis for their February 5, 2025, representation to the Court that all responsive documents had been produced.

### D.    Continued 30(b)(6) Deposition of Defendant Anivive's Representative

Also "just" is Plaintiff requests a continued 30(b)(6) deposition with a representative of Defendant Anivive. (Mot. at 29-30.) *See Nutrition Distribution LLC v. PEP Rsch., LLC*, No. 16CV2328-WQH (BLM), 2018 WL 3769162, at *6 (S.D. Cal. Aug. 9, 2018) (ordering further Rule 30(b)(6) deposition after 30(b)(6) witness was unprepared ), *report and recommendation adopted as modified*, 2018 WL 6323082 (S.D. Cal. Dec. 4, 2018).

Considering Defendants' ongoing failure to appropriately respond to the Court's January 6 order, the Court finds it just to permit a continued 30(b)(6) deposition of Defendant Anivive's representative. A continued 30(b)(6) deposition will allow Plaintiff to test the veracity of the representations made in the declaration described above and to ensure that Defendants retain no other responsive documents that may be produced through proper searches. A further 30(b)(6) deposition may also shed light on the circumstances of Defendants' failure to produce discovery that will permit this Court to determine whether more severe sanctions (i.e., for spoliation or contempt) are appropriate. Plaintiff's request that Defendants produce a 30(b)(6) witness is therefore **granted.** The deposition shall be limited to three hours and shall solely address Defendants' document retention, record custodians, and document production process. The costs of that deposition shall be assessed to Defendants. The parties shall meet and confer regarding scheduling of said 30(b)(6) deposition to ensure it occurs before the fact discovery deadline.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

===========================================================

### E.    Coercive Sanctions and Contempt

Plaintiff seeks an order of contempt. (Mot. at 22-23.) In the alternative,
Plaintiff requests coercive sanctions of $2,000 per day until Defendants
demonstrate that they have adequately searched for and provided all
responsive documents. (Mot. at 27-28.) Defendants respond that such
sanctions are not justified as Defendants have produced all relevant
documents within their possession.

Rule 37 authorizes the court to "treat[ ] as contempt of court the failure
to obey any order except an order to submit to a physical or mental
examination." Fed. R. Civ. P. 37(b)(2)(A)(vii). Courts in this circuit have also
found coercive sanctions justified under Rule 37 where a party fails to comply
with discovery orders. *Williams v. Condensed Curriculum Int'l*, No. 20-CV-
05292-YGR-RMI, 2021 WL 6621071 (N.D. Cal. Dec. 29, 2021) (awarding
coercive sanctions in the amount of $1,000 per day for the defendant's repeated
failure to comply with the court's orders granting plaintiff's requests to compel
discovery); *see also Jensen v. BMW of N. Am., LLC*, No. 18-CV-103-WQH
(NLS), 2019 WL 1545677 (S.D. Cal. Apr. 9, 2019) (awarding proscriptive
sanctions in the amount of $200 per day for the defendant's repeated failure to
produce certain discovery documents); *Olds v. Sonnen*, No. 2:23-CV-00212-
JCM-BNW, 2025 WL 822683, at *7 (D. Nev. Mar. 14, 2025) ("a proscriptive
sanction of $150 per day for each day of noncompliance should incentivize
Plaintiff's counsel to finally comply with the court's discovery orders").[5]

---

[5] A magistrate judge's authority to issue an order of contempt is limited; in
general, she must certify facts so that the district judge may decide whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM          **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

==========================================================

The Court declines to impose (or certify facts recommending imposition of) either sanction at this juncture. This is not because Defendants, their counsel, or both, have not been fairly contemptuous of the Court's discovery orders to date. Instead, the problem is that the Court continues to have significant questions about why discovery has not been produced and what steps Defendants would need to take to bring themselves into compliance.

Moreover, the Court is concerned that the order Plaintiff seeks—payment of a daily fee until Defendants have complied with their obligations—will only result in a series of reassurances and protracted disputes over when, exactly, compliance has been reached. *See Martinez v. City of Pittsburg*, No. C 11-01017 SBA LB, 2012 WL 699462, at *3 (N.D. Cal. Mar. 1, 2012) (civil contempt order "must be accompanied by a 'purge' condition, meaning, it must give the contemnor an opportunity to comply with the order before the payment of the fine or other sanction becomes due.").

By ordering the above sanctions now and holding contempt in reserve, the Court hopes that Defendants will take this opportunity to perfect their

-------------------

an order of contempt is appropriate. *See* 28 U.S.C. § 636(e). On the other hand, there is authority to support the conclusion that a magistrate judge may issue coercive sanctions pursuant to Rule 37. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (rejecting argument that proscriptive sanctions "can only be imposed through a finding of civil contempt" and upholding authority of a magistrate judge to issue sanctions of $500/day, holding that magistrate judges "may impose prospective sanctions pursuant to Rule 37 where such sanctions are necessary to enforce compliance with a valid discovery order"). That difference, and any other differences between the two forms of relief, are not relevant at this stage, given the Court's conclusion that neither is appropriate at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM                **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

============================================================

compliance with the Court's prior orders. Should they fail to do, the further declaration and deposition should shed light on what further sanctions would be appropriate and clarify the factual basis for imposing those sanctions.

The Court takes one further step: it orders service of this Order on the individual Defendants. Several of the individual Defendants, when asked during their depositions, appeared not to have even seen the Court's prior discovery and sanction orders. (Mot. Ex. N at 13) (Arbuckle testifying that he had not seen the Court's January order); (Mot. Ex. M at 13-14) (Balsz deposition, asking regarding the already paid discovery sanction, "[W]hen is the payment supposed to be made?") Service on Defendants individually will ensure that Defendants are on notice of the depth and severity of the discovery issues in this case. Defendants should be aware that significant additional sanctions may well be issued if they do not comply with this Order.

The Court therefore **denies** Plaintiff's request for coercive sanctions and contempt proceedings without prejudice to Plaintiff renewing that request Defendants' noncompliance persist.

## IV.    CONCLUSION

For the reasons outlined above, the Court grants in part and denies in part Plaintiff's motion for sanctions and contempt order (ECF 90) as follows:

1. Plaintiff's request for compensatory sanctions to cover Plaintiff's attorneys' fees and costs from the ongoing discovery dispute is **granted** as detailed above. Plaintiff shall submit a declaration detailing the fees it is entitled to recoup on or before **July 24, 2025**, and Defendants may file a response addressing those fees on or before **July 31, 2025**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  2:24-cv-02866-SRM-BFM                **Date:**  July 15, 2025

**Title:**  *Int'l Council for Veterinary Assessment v. Anivive Lifesciences Inc., et al.*

=========================================================

2. Defendants are **ordered** to provide Plaintiff with a supplemental declaration on or before **July 24, 2025** describing its search process, as described above;

3. Plaintiff's request for a continued 30(b)(6) deposition with a representative of Defendant Anivive is **granted** and Plaintiff is entitled to a deposition limited to three hours solely addressing Defendants' document retention, record custodians, and document production process;

4. Plaintiff's request for coercive sanctions of $2,000 per day is **denied** without prejudice to Plaintiff renewing that request; and

5. Plaintiff's request for a civil contempt order based upon Defendants' noncompliance with prior orders is **denied** without prejudice as to a renewed request.

Defendants' request for compensatory sanctions (ECF 92) is **denied**.

Defendants' counsel is further **ordered** to personally serve this order upon each individual Defendant and file proof of service with the Court no later than **July 21, 2025**.

**IT IS SO ORDERED**

Initials of Preparer:        ch